UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| DONNY C. HOWELL, | ) | |
| | ) | |
| **Plaintiff,** | ) | **Civil Action No. 14-206-DLB** |
| | ) | |
| **V.** | ) | |
| | ) | **MEMORANDUM OPINION** |
| **MRS. REAMS, et al.,** | ) | **AND ORDER** |
| | ) | |
| **Defendants.** | ) | |

**\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\***

Plaintiff Donny C. Howell is a former federal prisoner who was confined for a period of time in the United States Penitentiary-McCreary ("USP-McCreary") located in Pine Knot, Kentucky.  Howell has since been released from custody[1], and he has provided the Court with his current mailing address. [R. 8] While he was in custody, Howell filed a *pro se* civil rights complaint, pursuant to 28 U.S.C. § 1331 and the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), against "Federal Bureau of Prisons (Official and Individual capacity)"; Mrs. Reams, a dental hygienist at USP-McCreary; and Mrs. Baker, "A.P.R.N. of U.S.P. McCreary," alleging violations of his constitutional rights.  [R. 1-1; R. 2]

The Court must conduct a preliminary review of Howell's complaint because he is proceeding *in forma pauperis* and because he asserts claims against government officials.  28 U.S.C. §§ 1915(e)(2), 1915A.  A district court must dismiss any claim that is frivolous or

---

[1]The record reflects that Howell was transferred from USP-McCreary to a "half-way house" in Cincinnati, Ohio.  Per the Bureau of Prisons' website, he was subsequently released on November 7, 2014.  *See* www.bop.gov/inmateloc/ *(last checked April 27, 2015 ).*

malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997). The Court evaluates Howell's complaint under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts the plaintiff's factual allegations as true, and his legal claims are liberally construed in his favor. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). The Court has given his complaint a broad construction, and will evaluate any cause of action which can reasonably be inferred from the allegations made.

The Court has conducted a preliminary review of Howell's complaint. For the reasons stated below, the Court concludes that Howell's claims are without merit. Therefore, his complaint will be dismissed.

## ALLEGATIONS OF THE COMPLAINT

The genesis of Howell's complaint stems from an incident surrounding his scheduled appointment for a dental cleaning in June of 2012. Howell appeared at the medical department for his scheduled dental cleaning on June 19, 2012 at 10:00 a.m. He states that he waited in the holding area but was not seen by the dental hygienist prior to the closing of the lunch food service. Howell states that all inmates waiting in the holding area who had not yet been seen for their scheduled appointments, including himself, were permitted to leave for lunch and then were told to return to the holding area. Howell states that upon his return from lunch, he was told that he would not receive a dental cleaning that day and that his appointment would need to be rescheduled. He then left the medical department. Howell claims that, after his dental cleaning appointment was canceled, he received an unwarranted Incident Report on June 20, 2012. This

Report charged him with refusing to work or to accept a program assignment, a Code 306 violation.[2]

Howell states that unbeknownst to him at the time, his appointment for a dental cleaning was not rescheduled, as he thought it would be, and that he did not learn until much later that his name had been removed from the National Dental Routine Care Waiting List.  He states that in May of 2013, in response to his Inmate Request to Staff for a dental cleaning and for an evaluation for a partial plate, his name was placed back on the National Dental Routine Care Waiting List.

Howell appears to assert an Eighth Amendment claim relative to his dental care needs. He also claims that Defendants Susan Reams, RDH, and K. Bennett-Baker, APRN, conspired against him by falsely reporting that he had refused medical treatment and had refused to sign the Medical Treatment Refusal form [R. 1-2, Page ID# 13].  As a result, Howell was charged with a disciplinary offense on June 19, 2012.  Howell seeks compensatory damages up to $70,000.

## ANALYSIS

### A.     Howell's *Bivens* Claim Relating to the June 2012 Incident

To the extent that Howell is attempting to assert claims against Defendants for alleged violations of his constitutional rights relative to the incident on June 19, 2012, those claims are time-barred because they were filed on September 16, 2014, more than one year after this incident.  The state statute of limitations for personal injuries governs claims under *Bivens*.  *Owens v. Okure*, 488 U.S. 235, 239-40 (1998).  Federal courts sitting in Kentucky "borrow" Kentucky's one-year

---

[2]It is unknown whether this Incident Report was later dismissed against Howell or whether he was convicted of this disciplinary offense and received sanctions therefor.  He makes no request in this action that any conviction be reversed and/or that any sanctions be reversed, including the restoration of forfeited good time credits to his sentence.

statute of limitations for personal injury claims.  *See Williams v. Gregory*, 2008 WL 2230063, at *3 (E.D. Ky. May 28, 2008) (*citing* K.R.S. § 413.140(1)).  Thus, *Bivens* claims in Kentucky have a one-year statute of limitations.  *Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996) (*citing Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990)).  Since Howell's claims against Defendants are *Bivens* claims, the Court must apply Kentucky's one-year statute of limitations.

Under federal law, a claim accrues when the plaintiff knows, or has reason to know, of the injury which forms the basis for the action.  *Ali v. Morgan*, 2009 WL 872896, at *2 (E.D. Ky. Mar. 27, 2009) (*citing Kelly v. Burks*, 415 F.3d 558, 561 (6th Cir. 2005)).  *See also Dixon v. Anderson*, 928 F.2d 212, 215 (6th Cir. 1991) (stating that courts look for the event that should alert a typical lay person to protect his or her rights) (abrogated on other grounds by *Wu v. Tyson Foods Inc*., 189 F. App'x 375, 379 (6th Cir. 2006)); *Sevier v. Turner*, 742 F.2d 262, 273 (6th Cir. 1984) ("A plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence.").

On June 20, 2012, Howell received the Incident Report charging him with refusing to accept medical treatment that he had previously requested and with interfering with medical and dental staff's duties, a Code 306 violation.  By June 20, 2012, Howell was put on notice of the alleged violations of his constitutional rights relative to the denial of dental care on June 19, 2012, as well as the alleged conspiracy among Defendants in executing the Medical Treatment Refusal Form and filing an Incident Report against him.

Therefore, Howell's *Bivens* claim against Defendants accrued on June 20, 2012, meaning that Howell had one year thereafter, *viz*., until June 20, 2013, in which to file a *Bivens* claim against Defendants.  Howell filed the present action on September 16, 2014, and the one-year

4

statute of limitations relative to his *Bivens* claim expired on June 20, 2013.  Thus, Howell's

*Bivens* claim relative to the June 19, 2012 incident is time-barred.

**B.      Howell's Eighth Amendment Claim**

*1.      Exhaustion of Remedies*

On May 16, 2013, Howell submitted an Inmate Request to Staff, requesting a dental

cleaning and an evaluation for a partial plate.  On May 20, 2013, Howell was advised that his

name would be added to the waiting list for a dental cleaning and an evaluation for a partial

plate. [R. 1-2, Page ID# 14]  Thereafter, on July 24, 2013, Howell made the same request in an

Administrative Remedy Procedure for Inmates Informal Resolution Form. [R. 1-2, Page ID# 15]

Dissatisfied with the BOP's response to his request for dental care on August 9, 2013, Howell

filed an Administrative Remedy with the Warden. [R. 1-2, Page ID #17]

On August 29, 2013, the Warden responded to Howell's Administrative Remedy No.

747250-F1.  The Warden's response states, in pertinent part, as follows:

> A review of your dental records reveals on April 16, 2012, your name was
> reached on the National Dental Routine Care Waiting List.  You were evaluated
> by the Dentist through a comprehensive exam which included dental x-rays.  On
> June 14, 2012, you were examined for an oral hygiene evaluation and given oral
> hygiene instructions on how to properly manage your oral health needs by the
> Dentist.  On June 19, 2012, you were placed on call-out to be seen for a dental
> cleaning by the Registered Dental Hygienist.  A review of the dental records for
> June 19, 2012, reveals you informed two medical staff members you did not want
> to wait to be seen but you refused to sign the "Medical Treatment Refusal" form.
> You left the waiting room before being seen and did not return.
>
> Non-emergency dental treatment is elective and an inmate may request this care
> through the institution's Inmate Request to Staff Member procedure or any other
> means authorized by local policy and procedures.  Non-emergency care includes
> but is not limited to: radiographs; oral health instructions; indicated prophylaxis;
> other periodontal therapy; endodontic and restorative treatments; oral surgery; and
> the fabrication of a prosthesis.

[R. 1-2, Page ID# 18]

The Warden also advised Howell that his response was for informational purposes only and that if Howell were dissatisfied with the response, the Warden also advised him of the procedures to appeal. *Id.*

Although Howell did not provide the Court with any documentation confirming that he had properly exhausted his administrative remedies by filing an appeal of the Warden's response to the BOP's Regional Office, he did submit a copy of the appeal he filed on or about November 11, 2013, to the BOP's Central Office. [R. 1-2, Page ID# 19]  Based on the statements Howell makes in that appeal to the BOP's Central Office, the Court presumes that he did appeal to the BOP's Regional Office and that the Regional Office denied his appeal.  Thus, the Court concludes that Howell has exhausted his administrative remedies relative to his requests made in May of 2013 for a dental cleaning and an evaluation for a partial plate.

> ### 2.    *Howell's Claim for Violations of the Eighth Amendment*

Howell appears to claim that Defendants violated his Eighth Amendment rights by removing him from the National Dental Routine Care Waiting List as the result of the June 19, 2012 incident and by failing to honor his May 2013 request for a dental cleaning and evaluation for a partial plate.

The Eighth Amendment of the United States Constitution prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (*per curiam*) (*quoting Rhodes v. Chapman*, 452 U.S. 337, 346 (1981)). The deprivation alleged must result in the denial of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *see also* Wilson v. Yaklich, 148 F.3d 596, 600–01 (6th Cir. 1998).  The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*,

452 U.S. at 348 (internal citations omitted). Moreover, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954.

In order for a prisoner to prevail on an Eighth Amendment claim, he must show that he faced a sufficiently serious risk to his health or safety and that the defendant official acted with "'deliberate indifference' to [his] health or safety." *Mingus v. Butler*, 591 F.3d 474, 479–80 (6th Cir. 2010) (*citing Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (applying deliberate indifference standard to medical claims)); *see also Helling v. McKinney*, 509 U.S. 25, 35 (1993) (applying deliberate indifference standard to conditions of confinement claims).

In *Flanory v. Bonn*, 604 F.3d 249, 253–54 (6th Cir. 2010), the Sixth Circuit held that allegations that an inmate had been deprived of toothpaste for 337 days and experienced dental health problems were sufficient to state an Eighth Amendment claim. In the present action, Howell does not allege that he was deprived of basic hygiene needs, as was the case in *Flanory*, nor does he allege that he suffered dental health problems as a result of not receiving a dental cleaning by a dental hygienist and an evaluation for a partial plate. In this case, Howell simply claims that he was denied a routine dental cleaning and being evaluated for a partial plate. However, routine preventative dental care does not constitute a serious medical need. *See Bumpus v. Watts*, 448 F. App'x 3, 5 (11th Cir. 2011); *Hallett v. Morgan*, 296 F.3d 732, 746 (9th Cir. 2002); *Jackson v. Lane*, 688 F. Supp. 1291, 1291–92 (N.D. Ill. 1988).

As the Warden advised Howell in responding to his Administrative Remedy Request, based on Howell's request made in May of 2013, his name was placed on the National Dental Routine Care Waiting List per Program Statement P6400.02 dated 1/15/2005, Page 13, Number (2), Non-Emergency Dental Treatment. The Warden further explained that:

> Non-emergency dental treatment is elective and an inmate may request this care through the institution's Inmate Request to Staff Member procedure or any other means authorized by local policy and procedures.  Non-emergency care includes but is not limited to: radiographs; oral health instructions; indicated prophylaxis; other periodontal therapy; endodontic and restorative treatments; oral surgery; and the fabrication of a prosthesis.

[R. 1-2, Page ID# 18]

As evidenced by the Warden's response to Howell's Administrative Remedy request, Howell did receive dental care while in custody.  On April 12, 2012, Howell's name was placed on the National Dental Routine Care Waiting List; thereafter, on June 14, 2012, Howell received a comprehensive dental examination by the dentist, which included dental x-rays and instructions from the dentist on oral hygiene and how to properly manage his oral health needs.  Howell was then scheduled for a dental cleaning by the registered dental hygienist to be performed on June 19, 2012.  That scheduled dental cleaning by the dental hygienist did not occur, and the dental cleaning was not rescheduled for reasons unknown to the Court, but perhaps because Howell's name was removed from the waiting list in 2012 and was not placed back thereon until May of 2013.

Presuming that Howell did not receive a dental cleaning and an evaluation for a partial plate prior to his transfer to a "half-way" house in Cincinnati, Ohio and his ultimate release from custody, Howell's Eighth Amendment rights relative to dental care were not violated because one has no constitutional right to a routine dental cleaning.  Howell's request for a dental cleaning and evaluation for a partial plate falls into category of "elective" non-emergency dental care.  Such dental care is best characterized as routine, preventative dental care, and as noted above, it does not constitute a serious medical need.  *See Bumpus v. Watts*, 448 F. App'x 3, 5 (11th Cir. 2011); *Hallett v. Morgan*, 296 F.3d 732, 746 (9th Cir. 2002); *Jackson v. Lane*, 688 F.Supp. 1291, 1291–92 (N.D. Ill. 1988).  Since there is no constitutional right to routine,

preventative dental care, it follows that there is no constitutional right to be placed on the National Dental Routine Care Waiting List, and likewise, no violation occurs when one's name is removed from that same waiting list.

Howell did receive a thorough examination, including dental x-rays by a dentist and instructions on oral hygiene, while incarcerated.  While he may not have received the routine preventative dental cleaning that he requested, that type of dental care does not rise to a serious medical need.  In the absence of a serious medical need, Howell has failed to establish an Eighth Amendment claim.

## CONCLUSION

To summarize, Howell's *Bivens* claim against Defendants relative to the June 19, 2012, incident, is time-barred.  Howell has also failed to establish a claim for violations of the Eighth Amendment because his unfulfilled request for a routine dental cleaning and evaluation for a partial plate does not constitute deliberate indifference to a serious medical need.

Accordingly, **IT IS HEREBY ORDERED** and **ADJUDGED** as follows:

(1)     Howell's *Bivens* claim against Defendants regarding the June 19, 2012 incident is time-barred;

(2)     Howell has failed to state a claim for Eighth Amendment violations relating to denial of routine preventative dental cleaning;

(3)     All claims in the complaint having been addressed, Howell's complaint is **DISMISSED** for failure to state a claim for which relief can be granted;

(4)     This action is **DISMISSED** and **STRICKEN** from the Court's docket; and

(5)     Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the named Defendants.

This 29th day of April, 2015.



Signed By:
*David L. Bunning*
United States District Judge

G:/DATA/ORDERS/London/2014/14-206 Howell MOO Dismissing Bivens and 8th A Claims

10